IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

NANCY L. STOUT                                                                          PLAINTIFF

v.                                    No. 1:14CV00159-DPM-JJV

CAROLYN W. COLVIN,
ACTING COMMISSIONER,
SOCIAL SECURITY ADMINISTRATION                                     DEFENDANT

## RECOMMENDED DISPOSITION

### Instructions

The following recommended disposition was prepared for U. S. District Judge D. P. Marshall Jr. A party to this dispute may file written objections to this recommendation. An objection must be specific and state the factual and/or legal basis for the objection. An objection to a factual finding must identify the finding and the evidence supporting the objection. Objections must be filed with the Clerk of the Court no later than fourteen days from the date of this recommendation.[1] The objecting party must serve the opposing party with a copy of an objection. Failing to object within fourteen days waives the right to appeal questions of fact.[2] If no objections are filed, Judge Marshall may adopt the recommended disposition without independently reviewing all of the record evidence.

---

[1] 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

[2] *Griffini v. Mitchell*, 31 F.3d 690, 692 (8th Cir. 1994) (failure to file objections waives right to de novo review and to appeal magistrate judge's findings of fact).

1

## **Recommended Disposition**

Nancy L. Stout seeks judicial review of the denial of her application for social security disability benefits.[3] Ms. Stout last worked as a store manager for a convenience store.[4] She claims she has been disabled since she stopped working on July 22, 2010.[5] She bases her claim on injuries sustained lifting ice from a cooler.[6]

**The Commissioner's decision**.  The Administrative Law Judge (ALJ) identified muscle strains, left arm paresthesia, back pain, and mild disc bulges at levels C5-7 as severe impairments,[7] but determined Ms. Stout maintained the residual functional capacity to perform a reduced range of light work.[8] The ALJ assessed that Ms. Stout was unable to perform her past relevant work, but using the services of a vocational expert,[9] he identified jobs Ms. Stout could perform despite her impairments.[10] The ALJ concluded Ms. Stout is

---

[3] SSA record at pp. 147 & 152 (applying on Nov. 10, 2011, and alleging disability beginning July 22, 2010).

[4] *Id*. at pp. 172, 183, 208 & 214.

[5] Ms. Stout continued to work until seventeen days after the workplace injury.  She was terminated because her inventory was short.  *Id*. at pp. 206 & 265.

[6] *Id*. at p. 206 (basing her claim on bulging disc in neck and limited mobility of left shoulder and left arm).

[7] *Id*. at p. 14.

[8] *Id*. at p. 16 (limiting use of left arm).

[9] *Id*. at pp. 64-65.

[10] *Id*. at p. 24.

not disabled and denied the application.[11]

After the Appeals Council declined review,[12] the ALJ's decision became the Commissioner's final decision for the purpose of judicial review.[13] Ms. Stout filed this case to challenge the decision.[14] In reviewing the decision, I must determine whether substantial evidence supports the decision and whether the ALJ made a legal error.[15] Substantial evidence exists if a reasonable mind will accept the evidence as adequate to support the decision.[16]

**Ms. Stout's allegation**. Ms. Stout complains about one aspect of the decision. She contends the ALJ should have identified headaches as a severe impairment. She says headaches were at the center of her subjective allegations. She maintains headaches more

---

[11]*Id*.

[12]*Id*. at p. 4.

[13]*See Anderson v. Sullivan*, 959 F.2d 690, 692 (8th Cir. 1992) (stating that "the Social Security Act precludes general federal subject matter jurisdiction until administrative remedies have been exhausted" and explaining that the Commissioner's appeal procedure permits claimants to appeal only final decisions).

[14]Docket entry # 1.

[15]*See* 42 U.S.C. § 405(g) (requiring district court to determine whether Commissioner's findings are supported by substantial evidence and whether Commissioner conformed with applicable regulations); *Long v. Chater*, 108 F.3d 185, 187 (8th Cir. 1997) ("We will uphold the Commissioner's decision to deny an applicant disability benefits if the decision is not based on legal error and if there is substantial evidence in the record as a whole to support the conclusion that the claimant was not disabled.").

[16]*Britton v. Sullivan*, 908 F.2d 328, 330 (8th Cir. 1990).

than minimally effect her ability to work, and for this reason, she asks the Court to remand this case.[17]

**Applicable legal principles**. Step two of the disability-determination process requires the claimant to prove she has a severe impairment.[18] To be severe, an impairment must significantly limit the claimant's physical or mental ability to do basic work activities.[19] Step two directs a conclusion of "non-disabled" if the claimant fails to prove a severe impairment such that the process weeds out claimants whose abilities to work are not significantly limited.[20]

**The ALJ considered all of the medical evidence and all of Ms. Stout's impairments, to include alleged headaches**. Plaintiff's argument for reversal is based almost solely on her subjective complaints. But a claimant has the burden of proving disability with more than just subjective allegations.[21]

---

[17] Docket entry # 12.

[18] 20 C.F.R. §§ 404.1520(a)(4)(ii) & 416.920(a)(4)(ii).

[19] 20 C.F.R. §§ 404.1520(c) & 416.920(c) (explaining that a claimant is not disabled if she does not "have any impairment or combination of impairments which significantly limits [the claimant's] physical or mental ability to do basic work activities").

[20] *Bowen v. Yuckert*, 482 U.S. 137, 156-57 (1987) (O'Connor, J., concurring) (explaining that Social Security Act authorizes Commissioner to weed out applications by claimants who cannot possibly meet statutory definition of disability at step two).

[21] 42 U.S.C. § 423 (d)(5)(A) ("An individual's statement as to pain or other symptoms shall not alone be conclusive evidence of disability…; there must be medical signs and findings, established by medically acceptable clinical or laboratory diagnostic techniques, which show the existence of a medical impairment…which could reasonably be expected

Ms. Stout complained once to a medical provider about headaches,[22] but sought no treatment for headaches.[23] The lack of treatment undermines her allegation of daily, disabling headaches.

The medical evidence also fails to support a conclusion that Ms. Stout is completely disabled. Records shows mild disc bulges at levels C5-6 and C6-7, but no significant spinal canal or neuroforaminal narrowing.[24] Medical evidence shortly after the work injury established muscle strain in the left shoulder/arm and some paresthesia (pins and needles sensation) in the left arm, but it was not severe enough to prevent Ms. Stout from working.[25] A neurosurgeon examined Ms. Stout in connection with a workers

---

to produce the pain or other symptoms alleged and which…would lead to a conclusion that the individual is under a disability"); 20 C.F.R. §§ 404.1508 & 416.908 ("A physical or mental impairment must be established by medical evidence consisting of signs, symptoms, and laboratory findings, not only by your statement of symptoms."); 20 C.F.R. §§ 404.1529 & 416.929 ("[S]tatements about your pain or other symptoms will not alone establish that you are disabled; there must be medical signs and laboratory findings which show that you have a medical impairment(s) which could reasonably be expected to produce the pain or other symptoms alleged and which, when considered with all of the other evidence (including statements about the intensity and persistence of your pain or other symptoms which may reasonably be accepted as consistent with the medical signs and laboratory findings), would lead to a conclusion that you are disabled.").

[22]*Id*. at p. 303.

[23]*Id*. at p. 42 (testifying she had not seen a doctor in over a year).

[24]SSA record at pp. 291 & 310. *See id*. at p. 298 (characterizing abnormality at C5-6 as very small).

[25]*Id*. at pp. 299, 317 & 319 (permitting part-time work with no lifting).

compensation claim and found good muscle mass in the left shoulder.[26] Ms. Stout complained to the agency examiner about pain in the left shoulder with range of motion.[27] The examiner found some tenderness in the neck and shoulder muscles, but reported no limitations associated with the left shoulder, left arm, or the neck.[28]

Accordingly, I find the ALJ's decision is supported by substantial evidence. There was no reversible error at step two regarding Ms. Stout's headaches and the ALJ rightly concluded she was capable of performing a reduced range of light work.

## Conclusion and Recommendation

Substantial evidence exists because a reasonable mind will accept the record as adequate to support the decision. The record establishes no disabling symptoms. Even if muscle strains limited Ms. Stout's ability to work, the ALJ accounted for limitation by limiting use of the left arm.[29] A vocational expert identified available work.[30] The ALJ made no legal error. For these reasons, the undersigned magistrate judge recommends AFFIRMING the Commissioner's decision and DISMISSING Ms. Stout's Complaint (docket entry #2) with prejudice.

---

[26]*Id.* at p. 367.

[27]*Id.* at p. 395.

[28]*Id.* at pp. 396 & 399.

[29]SSA record at p. 16 (limiting lifting/carrying/pushing/pulling with left arm to ten pounds and excluding overhead reaching with left arm).

[30]*Id.* at pp. 64-65 (identifying cashier and personal care attendant).

Dated this 27th day of October, 2015.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE